IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Profit J. Finch, #308703, ) | |
| ) | C/A No. 4:07-0759-MBS-TER |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION AND** |
| ) | **O R D E R** |
| McCormick Correctional Institution, ) | |
| South Carolina Department of Corrections, ) | |
| and NFN Riley, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Profit J. Finch is a prisoner in the custody of the South Carolina Department of Corrections ("SCDC") and is currently housed at the Wateree River Correctional Institution. Plaintiff, appearing *pro se*, brings the captioned action pursuant to 42 U.S.C. § 1983 to challenge the constitutionality of conditions of his confinement at McCormick Correctional Institution. Specifically, Plaintiff alleges gross negligence relating to medical care following his fall from a top bunk bed while housed at McCormick Correctional Institution.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling. The Magistrate Judge reviewed the *pro se* complaint pursuant to the provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996. The Magistrate Judge filed a Report and Recommendation on April 25, 2007. ("Report and Recommendation.") The Magistrate Judge found that SCDC is immune from suit under the Eleventh Amendment, the McCormick Correctional Institution cannot be sued pursuant to 42 U.S.C. § 1983 because it is not a "person" subject to suit under Section 1983, and Plaintiff failed to exhaust the available administrative remedies as demonstrated by the exhibit appended to Plaintiff's answers to the court's special interrogatories. The Magistrate Judge therefore

recommended that Plaintiff's complaint be summarily dismissed without prejudice and without issuance and service of process. (Report and Recommendation at 7.)

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

On May 8, 2007, Plaintiff filed objections to the Report and Recommendation.[1] ("Plaintiff's Objections.") Plaintiff makes two specific objections. First, Plaintiff asserts that he has exhausted his administrative remedies because 114 days passed between the date he filed his second Step 1 Grievance and the date he filed this action. As noted by the Magistrate Judge, when prison officials do not respond to a prisoner's grievance and the entire time period allowed for the prison to respond has passed, then an inmate may generally be considered to have exhausted his administrative

---

[1] On September 25, 2007, Plaintiff filed an additional document which is entitled "complaint" and was docketed as Plaintiff's additional objections to the Report and Recommendation. (Entry 14.) In this document, Plaintiff alleges additional facts regarding the same incident alleged in his original complaint. Plaintiff also refers to an additional Step 1 Grievance form, which he did not refer to in his original complaint but did attach as an exhibit to his May 8, 2007 objections. Even if Plaintiff were allowed to amend his complaint to conform to the document filed on September 25, 2007, it would remain subject to dismissal for failure to exhaust administrative remedies.

remedies. (See Report and Recommendation at 5.) In this case, Plaintiff received a response from prison officials on both of the Step 1 Grievances he filed. As such, he cannot be considered to have exhausted his administrative remedies based on the passage of time. Therefore, Plaintiff's first objection is without merit.

Second, Plaintiff appears to concede that SCDC and the McCormick Correctional Institution cannot be named as defendants in this case but asserts that the case should continue as against Defendant NFN Riley. (See Plaintiff's Objections at 1-2.) Plaintiff appears to have technically asserted a claim against NFN Riley. Nevertheless, because Plaintiff's failure to exhaust his administrative remedies is apparent from his complaint and response to the court's special interrogatories, dismissal without prejudice prior to service of process is appropriate. See Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 681-83 (4th Cir. 2005). As such, Plaintiff's second objection is also without merit.

After thorough review of the Report and Recommendation, Plaintiff's Objections, the record, and applicable law, the court concurs with the Magistrate Judge's Report and Recommendation and incorporates it by reference. Accordingly, Plaintiff's complaint is summarily dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

                                             s/ Margaret B. Seymour
                                             Margaret B. Seymour
                                             United States District Judge

Columbia, South Carolina
May 8, 2008.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**